# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 6, 2014

## CHARLES ORLANDO FIELDS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Obion County**
**No. 3-03      William B. Acree, Jr., Judge**

---

**No. W2013-02516-CCA-R3-PC  -  Filed August 13, 2014**

---

The *pro se* petitioner, Charles Orlando Fields, appeals the denial of his motion to reopen his post-conviction petition.  Because he failed to comply with the statutory requirements for seeking review of a dismissal of a motion to reopen a post-conviction petition, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

Charles Orlando Fields, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; and Thomas A. Thomas, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS and PROCEDURAL HISTORY

In 2000, the petitioner, following an earlier mistrial, was convicted by an Obion County Circuit Court jury of selling and distributing one-half gram or more of cocaine within one thousand feet of a school zone, a Class A felony.  After merging the distributing conviction into the sale conviction, the trial court sentenced him as a Range II, multiple offender to thirty-three years in the Department of Correction.  This court subsequently affirmed the conviction and sentence.  See State v. Charles Orlando Fields, No. W2001-00124-CCA-R3-CD, 2002 WL 1558575, at *1 (Tenn. Crim. App. Jan. 2, 2002); Charles Orlando Fields v. State, No. W2003-02051-CCA-R3-PC, 2004 WL 1405012, at *1 (Tenn.

Crim. App. June 23, 2004), perm. app. denied (Tenn. Dec. 20, 2004). At the conclusion of the trial, the petitioner's retained counsel was allowed to withdraw from representation and the trial court appointed different counsel, the petitioner's attorney from his first trial, who represented the petitioner at the sentencing hearing and in the motion for new trial. See id. at *3. According to the testimony of appointed counsel at the post-conviction evidentiary hearing, a contract public defender represented the petitioner on direct appeal. Id.

The petitioner raised a claim of ineffective assistance of counsel in his motion for new trial, but failed to raise the trial court's denial of that claim as an issue in his direct appeal. Id. at *2. He later filed a petition for post-conviction relief, again raising a claim of ineffective assistance of counsel. The post-conviction court denied the petition on the grounds that the claim was waived. This court affirmed the judgement of the post-conviction court, and our supreme court denied his application for permission to appeal. Id. at *1.

On September 6, 2013, the petitioner filed a motion to reopen his post-conviction petition alleging newly discovered scientific evidence establishing his innocence of the crime. Specifically, he asserted that the evidence would show that appointed counsel "made a perjuring statement in [c]ourt at [p]etitioner's [p]ost-[c]onviction [h]earing when he stated that he was not the [p]etitioner's counsel on [d]irect [a]ppeal." On September 20, 2013, the post-conviction court entered an order denying the motion on the basis that it failed to state a ground that would entitle the petitioner to relief.

On October 3, 2013, the petitioner filed a "Notice" in the Obion County Circuit Court in which he requested a thirty-day extension of time in order to file a motion to "alter and amend the petition." On October 15, 2013, the petitioner filed a "Notice of Appeal" in the Obion County Circuit Court in which he stated that he was appealing to the Court of Criminal Appeals the trial court's denial of his motion to reopen his post-conviction petition. Finally, on November 4, 2013, the petitioner filed in the Obion County Circuit Court an amended "Notice of Appeal" stating that he was appealing the trial court's denial of his motion to reopen his post-conviction petition pursuant to "Public Records Act[] of Newly discovered evidence." The "Notice of Appeal" contained no other information regarding his claim.

## ANALYSIS

The State argues that the appeal is not properly before this court because the petitioner failed to comply with the statutory requirements for seeking review of a denial of a motion to reopen a post-conviction petition. The State further argues that the motion was properly dismissed by the post-conviction court because the petitioner failed to allege a ground upon which a motion to reopen should be granted. We agree.

A petitioner has no appeal as of right from a lower court's denial of his motion to reopen a post-conviction petition. See Tenn. R. App. P. 3(b); Mack Transou v. State, No. W2010-01313-CCA-R3-PC, 2011 WL 1220398, at *2 (Tenn. Crim. App. Mar. 31, 2011), perm. app. denied (Tenn. July 15, 2011); Timothy Roberson v. State, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), perm. app. denied (Tenn. Apr. 14, 2008); Miko T. Burl v. State, No. W2005-01640-CCA-R3-PC, 2006 WL 3371395, at *1 (Tenn. Crim. App. Nov. 17, 2006). The statute governing motions to reopen post-conviction petitions provides that "[i]f the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." Tenn. Code Ann. § 40-30-117(c) (2010); see also Tenn. Sup. Ct. R. 28, § 10(B); Graham v. State, 90 S.W.3d 687, 689 (Tenn. 2002) ("Accordingly, Tenn. Code Ann. § 40-30-217(c) outlines four requirements for an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application.").

The petitioner filed a notice of appeal in the trial court rather than an application for permission to appeal to this court. Although a notice of appeal may be construed as an application for permission to appeal if it "contain[s] sufficient substance that it may be effectively treated as an application for permission to appeal," see Graham, 90 S.W.3d at 691, we conclude that the petitioner's "Notice of Appeal," which did not include attachments of the documents filed by the parties, the trial court's order, or any specifics regarding the issue the petitioner was attempting to raise, does not contain sufficient substance to be effectively treated as an application for permission to appeal. Moreover, even if the petitioner had complied with the procedural requirements, we would affirm the dismissal of the motion, as the petitioner's claim that his retained counsel perjured himself at the evidentiary hearing does not constitute newly discovered scientific evidence establishing the petitioner's actual innocence of the offense. See Tenn. Code Ann. § 40-30-117(a)(2).

## CONCLUSION

Because the petitioner failed to comply with the statutory requirements for seeking discretionary review of the denial of his motion to reopen the post-conviction petition, we lack jurisdiction in this case. Accordingly, the appeal is dismissed.

_____
ALAN E. GLENN, JUDGE